# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-01432

HEATHER WEDDLE,
JOHN ARNOLD, individuals,

    Plaintiffs,

v.

SH LEE, LLC, a Colorado limited liability company,
dba TRAVELERS UPTOWN MOTEL,

and

SUNG HO LEE, an individual,

    Defendants.

---

# **COMPLAINT**

---

Plaintiffs Heather Weddle ("Weddle") and John Arnold ("Arnold"), by and through undersigned counsel, complain as follows:

## **NATURE OF THE ACTION**

1. Plaintiffs were employed by the Travelers Uptown Motel ("the motel") in Colorado Springs. They resided in an apartment on the premises located immediately above the motel's office. They each allege that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the applicable Colorado Minimum Wage Order ("CMWO"), 7 Colo. Code Regs. §1103-1, and also the Colorado Wage Protection Act ("CWPA"), Colo. Rev. Stat. §§ 8-4-101 *et seq.*, by: misclassifying

-1-

them as exempt from overtime and by failing to pay them compensation (i) at a regular rate of at least the minimum wage for their regularly scheduled work hours; (ii) at the overtime rate for all hours worked in excess of 12 hours in a single day and 40 hours each workweek; (iii) for all night hours when they were frequently and regularly required to perform work for Defendants and were thereby constantly engaged to wait, and therefore entitled to pay for all of those hours.

2. Plaintiffs further allege that Defendants violated the CMWO and CWPA by (iv) making unauthorized and unlawful deductions from their wages, purportedly for "rent" of their residence; and (v) failing to keep true and accurate records of all hours worked, regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period, and to provide an itemized statement of this information to them for each pay period.

3. Plaintiffs further allege Colorado state common law abuse of process claims against Defendants, who repeatedly called the police and made multiple baseless criminal complaints against Plaintiffs after Defendants terminated their employment, in order to improperly pursue their eviction and barment from the premises of the motel.

## **JURISDICTION AND VENUE**

4. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction over Plaintiffs' state law claims is based upon 28 U.S.C. § 1367 because they are so related to their FLSA claims that they form part of the same case or controversy.

6. Defendants are subject to personal jurisdiction in Colorado because they conduct substantial business in this state and the acts and omissions alleged herein occurred in this state.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

8. Plaintiffs were, and are, at all relevant times, adult individuals residing in Colorado Springs, Colorado.

9. Defendants employed Plaintiffs together as the "OnSite Manager/ Maintenance/ Housekeeping" employees of the motel.

10. Defendant SH LEE, LLC, is a Colorado limited liability company. Defendant Sung Ho Lee is its registered agent and, upon information and belief, its sole owner. SH LEE, LLC, does business as "Travelers Uptown Motel", a trade name registered with the Colorado Secretary of State.

11. Plaintiffs allege that Defendant Lee is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

12. Plaintiffs commenced employment by Defendants on November 4, 2016.

13. Defendants terminated Plaintiffs' employment on March 4, 2017.

14. The motel has 46 rooms, which it rents for an average price of $70.00 per night.

15. Plaintiffs' regularly scheduled work hours were from 7:00 AM to 11:00 PM (16 hours per day), daily, seven days per week.

16. Defendants told Plaintiffs that they were supposed to be able to take a 3-hour break during the day, but that never happened.

17. Plaintiffs actually worked from 6:30 a.m. to 12:30 a.m. (18 hours per day) daily.

18. Defendants did not permit Plaintiffs to leave the property at any time for any reason during their work hours.

19. In addition to their long work hours, Plaintiffs' sleep was regularly interrupted at least twice each night by work tasks, including checking in guests outside of regular office hours. Each event interrupts and/or prevents Plaintiffs from sleeping, and requires them to perform at least 10-15 minutes of work. At all relevant times, Defendants were aware of these nighttime interruptions, and paid Plaintiffs $10 each for six (6) such instances during the first two weeks of their employment.

20. As a condition of their employment, Plaintiffs agreed to live in the apartment located directly above the motel office.

21. Colo. Rev. Stat. § 8-4-123 prescribes the right of an employer to offer housing to employees, as part of their compensation. The statute provides that upon the termination of the employment relationship, the employer may also terminate an employee's license to occupy the employer-provided housing premises, pursuant to a written agreement that complies with the law's requirements. The parties did not have a written lease agreement or any written agreement that complied with the statute.

22. Defendants promised to pay Plaintiffs a joint "salary" of $2,000.00 per month as compensation for both of them.

23. Upon information and belief, Defendants withheld some applicable taxes from the amounts they paid to Plaintiffs. However, Defendants never provided Plaintiffs with an itemized statement of their gross wages earned, withholdings made and net amounts paid for each pay period.

24. Defendants paid Plaintiffs the following gross amounts in compensation:

| Date | Weddle | Arnold |
| --- | --- | --- |
| 11/15/2016 | $250.00 | $250.00 |
| 11/30/2016 | $680.00 | |
| 12/13/2016 | $757.27 | $750.00 |
| 12/30/2016 | $757.27 | $800.00 |
| 01/15/2017 | $ | $900.00 |
| 01/22/2017 | $ | $216.57 |
| 01/30/2017 | $400.00 | $900.00 |
| 02/15/2017 | $475.00 | $475.00 |
| 02/28/2017 | $500.00 | $500.00 |
| **Totals** | **$3,819.54** | **$4,791.57** |

25. Upon information and belief, Defendants did not display a poster(s) containing any of the information regarding compliance with state and federal employment laws, including but not limited to the FLSA, CMWO, and CWPA.

26. After Defendants terminated Plaintiffs' employment, Defendants made repeated calls to the Colorado Springs Police between March 4, 2017 and March 14, 2017. Defendants and their agents complained that Plaintiffs allegedly had: trespassed on

the property by continuing to reside in the apartment, committed theft of money and property from Defendants, threatened Defendants, turned off the internet wifi; moved additional family members into the apartment; and harassed employees and made prank phone calls to the motel's management. The police found no evidence whatsoever to support Defendants' complaints against Plaintiffs, which were completely baseless and no criminal charges were ever filed.

27. The police repeatedly told Defendants that the dispute concerning Plaintiffs' post-termination occupancy of the apartment was a civil matter, and that Defendants must pursue a protection order and/or an eviction proceeding in civil court. The police directed Defendants to stop calling them about the situation unless it involved an actual crime or threatened crime. Plaintiffs did voluntarily vacate the apartment.

28. Plaintiffs demanded Defendants pay them for all earned compensation, including unpaid minimum wages and overtime for all hours worked. Defendants did not respond.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

29. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

30. Defendants are employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

31. Upon information and belief, Defendants have an annual gross volume of sales made or business done of $500,000 or more.

32. Plaintiffs regularly conducted business on behalf of the motel with out-of-state guests at the motel, including long-distance telephone calls, internet communications, and taking reservations and payments by credit card.

33. Defendant Lee exercised direct responsibility and closely monitored and managed the day-to-day business of the motel, including supervising employee work schedules, controlling employee conditions of employment, determining the rate and method of payment of employees, and maintaining employment records.

34. Plaintiffs had no authority to hire and fire the motel's employees.

35. Defendant Lee thereby acts directly and indirectly in the interest of SH Lee, LLC, as an employer, in relation to Plaintiffs as his employees. Defendant Lee is thus an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

36. Plaintiffs' job duties did not qualify for exemption from overtime under the FLSA.

37. Defendants' payment of a "salary" to Plaintiffs was at a rate less than the required minimum wage for their hours worked.

38. Defendants failed to pay Plaintiffs for overtime for all hours worked in excess of 12 hours in a single day, and for all hours worked in excess of 40 hours in a workweek.

39. Defendants did not pay Plaintiffs for any of their "off-duty" night hours, all of which are compensable on-call time.

40. Defendants made unlawful deductions from Plaintiffs' wages for the costs of their "housing" (i.e. their residence in the on-site apartment).

41. The foregoing conduct, as alleged, each individually and collectively constitute willful violations of the FLSA within the meaning 29 U.S.C. § 255(a).

42. Plaintiffs are entitled to recover from Defendants all unpaid regular and overtime compensation, plus actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## COLORADO WAGE PROTECTION ACT

43. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

44. Defendants willfully violated Colo. Rev. Stat. § 8-4-105(1)(b) by making unauthorized deductions from Plaintiffs' wages.

45. Defendants willfully violated Colo. Rev. Stat. § 8-4-103(4) by failing to furnish Plaintiffs with an itemized pay statement in writing.

## THIRD CLAIM FOR RELIEF
## COLORADO MINIMUM WAGE STATUTE

46. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

47. Defendants paid Plaintiffs less than the legal minimum wage during their period of employment in 2016 and 2017.

48. Colo. Rev. Stat. § 8-6-118 provides that an employee receiving less than the legal minimum wage applicable to such employee is entitled to recover in a civil action the unpaid balance of the full amount of such minimum wage, together with reasonable attorney fees and court costs, notwithstanding any agreement to work for a lesser wage.

## FOURTH CLAIM FOR RELIEF
## ABUSE OF PROCESS

49. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

50. Defendants knew that they had no written lease or other agreement concerning Plaintiffs occupancy of their apartment at the motel.

51. Defendants made multiple baseless criminal complaints against Plaintiffs, all for the ulterior purposes of trying to improperly evict them from the motel, and to discourage them from pursuing wage claims.

52. The police told Defendants on multiple occasions to stop calling them about Plaintiffs' continued occupancy of their apartment at the motel

53. Defendants continued to make additional baseless criminal complaints to the police about the Plaintiffs, after the police directed them to stop.

54. By doing so, Defendants abused the use of a legal proceeding in an improper manner.

55. Plaintiffs sustained substantial damages as the result of Defendants' abuse of process, including emotional distress and other consequential costs and damages.

## FIFTH CLAIM FOR RELIEF
## OUTRAGEOUS CONDUCT

56. Plaintiffs incorporate by reference all preceding paragraphs of this Complaint.

57. Defendants' multiple baseless criminal complaints against Plaintiffs, asserted to improperly use the authority of the police to evict Plaintiffs without compliance with the applicable civil legal process, constitutes extreme and outrageous conduct.

58. Defendants' outrageous actions were attended by circumstances of malice and willful and wanton conduct, in that Defendants knew that their complaints against Plaintiffs were baseless and the police had repeatedly told them to stop calling.

59. Plaintiffs sustained substantial damages as the result of Defendants' outrageous conduct, including emotional distress and other consequential costs and damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, CMWO, and CWPA;

    b. An injunction requiring Defendants to cease their unlawful practices under, and to comply with, the FLSA, CMWO, and CWPA;

    c. An award of regular compensation due them under the FLSA, CMWO, and CWPA;

    d. An award of overtime compensation due them under the FLSA and CMWO;

    e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay regular and overtime compensation pursuant to 29 U.S.C. § 216;

    f. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

    g. An award of nonpecuniary compensatory damages for emotional distress caused by Defendants' tortious conduct;

h. Exemplary (punitive) damages for Defendants' tortious, pursuant to Colo. Rev. Stat. § 13-21-101(1.5)(a);

i. An award of pre-judgment and post-judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other and further relief as this Court deems just and proper.

Dated: June 12, 2017.

*/s/ Gary M. Kramer*
Gary M. Kramer
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO  80920
Tel:  719-694-2783
Fax:  719-452-3622
Email:  gary@garykramerlaw.com
Attorney for Plaintiffs